UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KING | CIVIL ACTION NO. 11-1779 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| SHELTER MUTUAL INS. CO., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 13,** referred to me by the district judge for report and recommendation.

Facts

This is a suit concerning alleged damages suffered in an automobile collision. The case was filed in the 7th Judicial District Court, Concordia Parish, Louisiana and GEICO was later added as a defendant. GEICO timely removed the case to this court based on diversity jurisdiction. Although the Notice of Removal did not state that all defendants consented to the removal, on the same day the Notice was filed, a pleading was also filed in the record in this court showing that shelter and its insured, Morphis, did not object to the removal. Plaintiff filed this motion to remand asserting that the other defendants have not consented to removal.

Legal Framework

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). The removal statute, 28

U.S.C. §1446(a) allows for removal from state court to federal court by filing a Notice of Removal. In addition, 28 U.S.C. §1446(a) has been interpreted to require that all then served properly joined defendants join or consent to the removal. See Nixon v. Wheatley, 368 F. Supp. 2d 635, 638 (E.D. Tex. 2005); Getty Oil Corporation v. INA, 841 F.2d 1254 (5th Cir. 1988); Fontenot v. Global Marine, Inc., 703 F.2d 867, 870 n.3 (5th Cir. 1983)[1].

Analysis

In her motion to remand, plaintiff argued that no consent to removal was filed in the record. However, the record reflects that consent to removal was filed in the record on the same date as the Notice of Removal was filed, October 5, 2011.

In her reply brief plaintiff argues that the "consent" only states that Shelter and its insured "do not object" to removal and thus does not serve as consent. However, plaintiff refers the court to no case law distinguishing between consenting to removal and not objecting to removal and we are aware if none. I see no difference in the choice of terminology and I conclude that the pleading which does not object to removal serves as consent to removal.

Next, in her reply brief, plaintiff suggests that the consent to removal was not timely filed. Plaintiff is correct. In cases involving multiple defendants, including subsequently added defendants, the thirty day period for removal begins to run as soon as the first defendant is served if the case is then removable. It follows that, because all then served defendants must join in the removal, the joining must also occur within thirty days of service on the first served defendant. Getty Oil Corporation, supra, at 1263.

---

[1] There are some narrow exceptions to this rule not applicable here. See discussion in Getty at n.9.

Defendants correctly point out that the state court record filed here does not contain evidence of the date of service on Shelter and Morphis. Nevertheless, those defendants filed an answer on July 14, 2011 which strongly indicates that they were served prior to that date[2]. Geico, while removing within 30 days of service on it, removed more than 30 days from any date prior to July 14, 2011. Similarly, the consent filed by Shelter and Morphis the same day the removal was filed is equally untimely.[3]

Because the issue of untimeliness was first raised in plaintiff's reply brief, additional discussion is in order. Plaintiff's motion to remand, doc. #13, was based only on the mistaken argument that all defendants had not joined in the petition for removal. The additional arguments, including that of untimeliness, was only made in plaintiff's reply brief. The question, then, is whether an additional argument in favor of remand may be made in a reply brief that was not made in the motion for remand itself. I find that it can. In making that finding, I follow the reasoning and result reached by Judge Polozola in holding that where the basis for the motion to remand is a procedural defect, that it is not necessary to set forth all arguments and every defect at the time the motion to remand is filed. <u>Tenn. Gas Pipeline Co. v. Continental Cas. Co.</u>, 814 F.Supp 1302 (M.D. La., 1993); <u>Davis v. Ciba-Geigy Corp.</u>, 958 F. Supp. 264 (M. D. La., 1997).

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion to remand be

---

[2] If, in the unlikely event that Shelter and Morphis filed an answer before service was made on them, and GEICO can show that it's removal and consent by Shelter and Morphis were all made within 30 days of service on Shelter and Morphis, those facts may be presented to the district judge by way of Objections to this Report and Recommendation.

[3] GEICO urges the court to follow precedent of some other circuits which do not apply the first served rule. However, this court has no authority to overrule Fifth Circuit precedent and is duty bound to follow and apply the law in the Fifth Circuit.

GRANTED and that the case be remanded to the 7th Judicial District Court, Parish of Concordia.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 19th day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE