UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KING | CIVIL ACTION NO. 11-1779 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| SHELTER MUTUAL INS. CO., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 13,** before me for additional consideration based on Objections to the Report and Recommendation previously issued, (doc. #21). With the additional analysis made herein, the facts, legal framework, and analysis contained in the original Report and Recommendation are adopted in this Supplemental Report and Recommendation.

In my Report and Recommendation, I found, among other things, that the original defendants' (Shelter, et al) consent to removal was not timely filed because they had failed to remove or consent to removal within 30 days of having been served with process. I based this finding on application of the Fifth Circuit's "first served" rule, described in my Report and Recommendation. In its Objection, defendant GEICO argues that the case was not removable at the time the original defendants were served, because the petition filed in state court did not reflect on its face that the case met the jurisdictional threshold of this court, $75,000.

Plaintiff's petition does not allege entitlement to a specific amount of damages. Neither is it facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in the original petition are similar to those made with little specificity in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Therefore, GEICO must show by a preponderance of other evidence

that the amount in dispute is more than $75,000.

GEICO points out that, between the time the original defendants were served, and the time GEICO was added as a party and served, GEICO had received at its offices a demand letter from plaintiff's attorney which GEICO asserts makes clear that the amount in dispute exceeds $75,000. Therefore, GEICO reasons, when it was formally served as a defendant, the case was instantly removable because of its prior receipt of an "other paper" within the meaning of 28 USC 1446(b). The case was removed by GEICO on October 5, 2011.

The demand letter is attached to the removal documents (doc. #1) in the record of this case as Exhibit 5–Correspondence dated July 25, 2011. The letter, sent only to GEICO and not to the original defendants, is a demand for uninsured motorist benefits from GEICO, attaches medical reports (not in our record), medical bills totaling $30,052.37, alleges two cervical and two lumbar disc bulges and tendinitis of the rotator cuff, continuing treatment and cites cases awarding damages of $225,000 to $360,000. There is no question that the demand letter asserts entitlement to more than $75,000 in damages. Demand letters have been found relevant to the determination of the amount in dispute. See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908 (5th C. 2002); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759 (5th C. 2000) (demand letter was "other paper").

When GEICO was added as a defendant by supplemental petition, neither the original petition, nor the supplemental petition, made it apparent what the damages were. However, the demand letter did make it clear that damages exceeded $75,000 and thus, having received the demand letter and when served, GEICO properly and timely removed the case. Since the case was not removable before that time, the consent of the original defendants (Shelter et al) was also timely

and the first served rule is inapplicable.[1]

In summary, I find that the original petition was not removable on its face but that the demand letter made the case removable. Timely removal by GEICO occurred after it was served and timely consents were filed by the original defendants.

For the foregoing reasons, the Recommendation contained in my prior Report and Recommendation is WITHDRAWN, and

IT IS RECOMMENDED that plaintiff's motion to remand be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS**

---

[1] Plaintiff has not responded to the Objections. In the event that plaintiff can show that the letter, or a similar one had been sent by him to Shelter or its insured or that they knew about this letter, at a time more than 30 days before GEICO removed the case, then consent is untimely and such fact can be made known to the district judge by way of Objection to this Supplemental Report and Recommendation.

**AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 19th day of January, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE